CCC:MEM
F. #2017R01937

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 08 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

HOWARD DAVIS,
    also known as "Mousey" and
    "Mr. Fedup,"

             Defendant.

- - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 17-615 (S-1)(JMA)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(C)(i), 924(d)(1), 1959(a)(3), 2
and 3551 et seq.; T. 21, U.S.C., §§
841(b)(1)(A)(i), 841(b)(1)(A)(iii), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1.    The Bloods (hereinafter the "Bloods" or the "enterprise") was a violent street gang with members located throughout Long Island, New York, and elsewhere. The defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," was a member of the Bloods. Members and associates of the Bloods have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking. Participation by a member or an associate in criminal activity, especially violence directed at rival gangs and members who violated the enterprise's rules, increased the respect accorded to that member or associate and could result in gaining entrance to the Bloods

or a promotion to a leadership position.  Members of the Bloods purchased, maintained and circulated a collection of firearms for use in criminal activity.

2. The Bloods, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3. The Bloods routinely held meetings to, among other things, plan criminal activity.  At meetings, members paid dues into a treasury.  The treasury funds were used, among other things, to purchase firearms and ammunition and to assist members who had been arrested.  Members of the Bloods sometimes signified their membership and allegiance to the gang by wearing the color red, displaying special hand signals and wearing tattoos.

4. The Bloods, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, attempted murder and robbery, that are chargeable under New York Penal Law and punishable by imprisonment of more than one year; acts indictable under Title 18, United States Code, Section 1951(a) (robbery); and offenses involving trafficking of controlled substances, punishable under Title 21, United States Code, Sections 841 and 846.

### Purposes of the Enterprise

5.  The purposes of the enterprise included the following:

   a.  Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

   b.  Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

   c.  Keeping victims and rivals in fear of the enterprise and its members and associates.

   d.  Enriching the members and associates of the enterprise through criminal activity, including robbery and drug trafficking.

   e.  Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

### Means and Methods of the Enterprise

6.  Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

   a.  Members of the Bloods and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

4

b.     Members of the Bloods and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and Bloods members who violated the enterprise's rules.

c.     Members of the enterprise and their associates used, attempted to use and conspired to use robbery and drug trafficking as means of obtaining money.

## COUNT ONE
(Conspiracy to Distribute and Possess
with Intent to Distribute Controlled Substances)

7.     In or about and between January 2014 and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine base, a Schedule II controlled substance; and (b) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base and heroin involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him, was (a) 280 grams or more of a substance containing cocaine base and (b) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Use of Firearms In Connection with a Drug Trafficking Crime)

8. In or about and between January 2014 and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT THREE
(Assault with a Dangerous Weapon in Aid of Racketeering: Shooting of John Doe #1)

9. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10. On or about May 31, 2015, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1, an individual whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Section 120.05(2).

(Title 18, United States Code, Sections 1959(a)(3) and 3551 et seq.)

6

## COUNT FOUR
(Assault with a Dangerous Weapon in Aid of Racketeering:
Shooting of John Doe #2)

11. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

12. On or about May 31, 2015, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2, an individual whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Section 120.05(2).

(Title 18, United States Code, Sections 1959(a)(3) and 3551 et seq.)

## COUNT FIVE
(Discharging a Firearm During a Crime of Violence:
Assaults of John Doe #1 and John Doe #2)

13. On or about May 31, 2015, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Three and Four, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 3551 et seq.)

## COUNT SIX
(Assault with a Dangerous Weapon in Aid of Racketeering:
Shooting of John Doe #3)

14. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

15. On or about October 18, 2016, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #3, an individual whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Section 120.05(2).

(Title 18, United States Code, Sections 1959(a)(3) and 3551 et seq.)

## COUNT SEVEN
(Discharging a Firearm During a Crime of Violence:
Assault of John Doe #3)

16. On or about October 18, 2016, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 3551 et seq.)

8

## COUNT EIGHT
(Assault with Dangerous Weapons in Aid of Racketeering:
Shooting of John Doe #4)

17. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

18. On or about October 30, 2016, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," together with others, for the purpose of maintaining and increasing position in the Bloods and as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4, an individual whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit: one or more firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT NINE
(Discharging Firearms During a Crime of Violence:
Assault of John Doe #4)

19. On or about October 30, 2016, within the Eastern District of New York and elsewhere, the defendant HOWARD DAVIS, also known as "Mousey" and "Mr. Fedup," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count

9

Eight, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, one or more of which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C)(i), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

20.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

21.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

10

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH NINE

22. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, or any violation of any other criminal law of the United States, including but not limited to: (i) one 9 mm Smith & Wesson MP handgun, serial number HTM1968; (ii) one .40 Glock 27 handgun, serial number WAF319; and (iii) ammunition and miscellaneous gun parts, all seized from the defendant on or about November 8, 2017, at an address located in East Patchogue, New York.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

11

      e.  has been commingled with other property which cannot be divided without difficulty:

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

HOWARD DAVIS,
also known as "Mousey" and "Mr. Fedup"

Defendant.

## SUPERSEDING INDICTMENT

e(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(C)(i), 924(d)(1), 1959(a)(3),
2 and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(A)(i),
841(b)(1)(A)(iii), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c)

*A true bill.*

*Caitlin Ragione*

*Foreperson*

*Filed in open court this _____ day.*

*of _____ A.D. 20 _____*

_____ *Clerk*

*Bail, $ _____*

*AUSA Mark E. Misorek, 631-715-7874*