UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

HOWARD DAVIS,

                              Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-615 (JMA)

**FILED**
**CLERK**
4/23/2020 12:41 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Defendant Howard Davis ("Defendant") is detained at the Metropolitan Correctional Center (the "MCC") awaiting trial on charges of a drug conspiracy, four firearms offenses, and four assaults in aid of racketeering. On March 29, 2020, Defendant moved for immediate release from federal prison and sought bail conditions of home confinement. (ECF No. 85.) Defendant claimed that because he suffers from Gastroesophageal Reflux Disease ("GERD"), he is at risk of contracting COVID-19 while in federal custody. (Id.) The government opposed Defendant's motion, arguing that Defendant is both a danger to the community and a flight risk, and the COVID-19 pandemic does not warrant such relief. (ECF No. 87.)

On April 3, 2020, Magistrate Judge Anne Y. Shields held a hearing during which she denied Defendant's motion. She found that there was not "a change in circumstances sufficient to warrant his release at this time" and that "there were no conditions that would alleviate the risk of non-appearance, [and] danger [to] the community." (ECF No. 92 at 10:12–17.)

Defendant now moves to revoke or amend Judge Shields's Order denying his release. For the reasons set forth below, Defendant's motion is denied.

18 U.S.C. § 3145(b) permits a district court to revoke or amend a magistrate judge's detention order after conducting a de novo review.  See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).  The Bail Reform Act authorizes the Court to order pretrial detention if a defendant poses a risk of flight or danger to the community.  18 U.S.C. § 3142(e).  In addition, temporary release is permitted under 18 U.S.C. § 3142(i) if "necessary for preparation of the person's defense or for another compelling reason."  Having carefully considered Defendant's motion, the Court agrees with Judge Shields's denial of his release.

Defendant poses a clear risk of flight and danger to the community.  He is charged with committing violent crimes as part of his membership in a dangerous street gang.  His lengthy criminal record reflects a history of failing to appear and committing crimes while on bail.  He has also been accused of attempting to smuggle contraband into the MCC while awaiting trial in this case.  "Simply put, the danger to the community presented by [Defendant's] release outweighs, substantially, the danger to himself presented by his incarceration."  United States v. Chambers, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (quoting United States v. Conley, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)).

In addition, Defendant has failed to demonstrate a "compelling reason" that warrants temporary release.  Though Defendant suffers from GERD, he appears to be an otherwise healthy 33-year-old man.  Defendant has not explained how GERD specifically presents a heightened risk for contracting COVID-19 or experiencing more severe health complications if COVID-19 is contracted.  At the April 3, 2020 hearing, Judge Shields directed the government to file a report on the docket regarding Defendant's medical treatment.  On April 10, 2020, the government reported that Defendant received new prescriptions and "raised no medical complaints since the April 3,

2020 hearing." (ECF No. 95.) The Court is unaware of any subsequent changes to Defendant's GERD treatment or other "compelling reason" to order his release.

    Accordingly, Defendant's motion is DENIED.

**SO ORDERED.**

Dated: April 23, 2020
       Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE