# THE CASSAR LAW FIRM, P.C.

**13 East Carver Street**
**Huntington Village, New York 11743**
**Telephone (631) 271-6596**
**Facsimile (631) 351-0196**
cjcassar@cassarlaw.com

*Christopher J. Cassar, Esq.†\**
*Pierre Bazile, Esq.\**
*Richard M. Borrelli, Esq.*
*Sassy B. Dumornay, Esq.*

<u>*Nassau County Office*</u>:
*1205 Franklin Ave # 150*
*Garden City, NY 11530*
*(Appointment Only)*

_____
† ADMITTED IN THE U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT
   AND THE EASTERN, SOUTHERN & NORTHERN U.S. DISTRICT COURTS OF NEW YORK
\* ADMITTED IN THE EASTERN & SOUTHERN U.S. DISTRICT COURTS OF NEW YORK

April 20, 2021

*Via ECF*
Honorable Justice Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **Re:**  **United States v. Howard Davis**
         **Case No.: 17-cr-615 (JMA)**
         **Motion to Dismiss the Indictment**
         **Cassar File No:**

Dear Judge Azrack:

  As you know, this office represents the defendant, Howard Davis, in the above referenced matter. The defense moves for an order to dismiss the indictment or reschedule the trial because of prosecutorial misconduct for failing to timely disclose material under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972) and because of prosecutorial misconduct for failing to timely disclose 3500 material where the Government made representations to the Court in preparation for trial that the 3500 material would be disclosed to the defense three (3) weeks before the trial date April 26, 2021.

  On December 20, 2018, the defendant made a written demand for disclosure of material under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

  At the March 4, 2021 court conference, the court set a trial date in this matter for April 26, 2021. On March 4, 2021, the government represented to the court that the 3500 material and Brady material would be disclosed to the defense three (3) weeks before the trial date. Therefore, the due date for the disclosure for the 3500 material and Brady material was April 6, 2021.

April 20, 2021

Judge Azrack
Page 2

At the April 6, 2021 court conference, the government provided the defense with material in connection with the cooperating witnesses and informed the court that they had disclosed all the 3500 material and Brady material to the defense as pursuant to the government's representation to the court on March 4, 2021.

On April 7, 2021, the government disclosed several hundred pages additional Government exhibits.

On April 12, 2021, the government disclosed several thousand pages supplemental 3500 material and Government exhibits.

On April 14, 2021, the government disclosed information to establish prior conviction as to Howard Davis.

On April 14, 2021, the government disclosed in a request for a preliminary finding evidence of the defendant's involvement in an uncharged murder and material under Brady v. Maryland and Giglio v. United States.

At the April 16, 2021, the government disclosed several more thousand pages of supplemental 3500 material and Government exhibits.

In United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001), the Second Circuit recognized that under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the "prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment."

In United States v. Coppa, the Second Circuit stated that "[t]his duty covers not only exculpatory material, but also information that could be used to impeach a key government witness. See Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)."

In United States v. Coppa, the Second Circuit indicated that "[w]ith respect to when the prosecution must make a disclosure required by Brady, the law also appears to be settled. Brady material must be disclosed in time for its effective use at trial," see, e.g., Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir.2001), or at a plea proceeding, see United States v. Persico, 164 F.3d 796, 804 (2d Cir.1999); Tate v. Wood, 963 F.2d 20, 24 (2d Cir.1992).

At the March 4, 2021 court conference, the government represented to the court that the disclosure of the 3500 material and Brady material by April 6, 2021 would provide the defense with sufficient time to prepare for trial.

April 20, 2021

Judge Azrack
Page 3

  Again, at the April 6, 2021 court conference, the government represented to the court that that the disclosure of the 3500 material and Brady material by April 6, 2021 was completed and that the April 6, 2021 disclosure would provide the defense with sufficient time to prepare for trial.

  Obviously, by the government's own admission disclosure of the 3500 material and Brady material after April 6, 2021 would not permit "disclosure in time for its effective use at trial."

  As a result of the late disclosure of the 3500 material and Brady material, the defense is unable to effectively prepare for trial. Thus, the defendant has been deprived of due process of law and the effective assistance of counsel by the government's late disclosure of the 3500 material and Brady material after April 6, 2021.

  Therefore, the defense moves for an order dismissing the indictment or to reschedule the trial because of prosecutorial misconduct.

  Thank you for your time and consideration.

                Very truly yours,

                _____/s/_____
                Christopher J. Cassar, Esq.

CJC/crc
cc: Mr. Howard Davis
  AUSA Mark Misorek
  AUSA Monica Castro
  AUSA Christopher Caffarone