UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

HOWARD DAVIS,

                Defendant.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CR-615 (JMA)

FILED
CLERK
12:46 pm, May 25, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Mark Lesko
   Acting United States Attorney
Christopher C. Caffarone
Mark E. Misorek
Monica K. Castro
   Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

Christopher Cassar
13 East Carver Street
Huntington, NY 11743
    *Attorney for Defendant Howard Davis*

**AZRACK, United States District Judge:**

      Defendant Howard Davis ("Defendant") moves to preclude the introduction of the grand jury testimony of Kassandra Annonio. (ECF No. 181.) He argues that admission of this evidence would deny him the right to confront a witness against him in violation of the Confrontation Clause of the Sixth Amendment. (Id.) Having reviewed the motion and considered the oral argument of Defendant and the Government, I deny Defendant's motion as follows.

As the Supreme Court explained in Crawford v. Washington, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." 541 U.S. 36, 59 n.9 (2004). Here, the Government is not seeking to introduce Ms. Annonio's grand jury testimony to establish the truth of the matter asserted. Rather, this testimony serves the opposite purpose in that the Government is seeking to introduce it precisely because it is false, not because it is true. Therefore, Crawford does not apply and does not bar admission of the grand jury transcript.

In United States v. Thompson, the Sixth Circuit addressed a factual scenario similar to the one presently before the Court. 501 F. App'x 347, 363 (6th Cir. 2012). In that case, the Government introduced at trial perjurious testimony from two grand jury witnesses in which they advanced a "fake alibi" to cover up wrongful acts. Id. at 353. On appeal, the Sixth Circuit rejected the defendants' argument that this grand jury testimony should not have been admitted because it was hearsay that violated the Confrontation Clause. Citing Crawford, the panel explained that "the Confrontation Clause is not violated by testimony that is not offered for the truth of the matter asserted." Id. at 363. Because "the government offered the unquestionably perjurious testimony precisely to prove that [the testifying witnesses] made false statements under oath to cover up wrongful acts," the Circuit determined that "[t]he district court did not abuse its discretion when it determined that this testimony was not hearsay." Id.

The Court finds this analysis from Thompson instructive and adopts the panel's reasoning. The Government has narrowed Ms. Annonio's grand jury testimony so that only an excerpt of her perjurious testimony will be introduced into evidence. Because this excerpt of Ms. Annonio's grand jury testimony is not being offered for the truth of the matter asserted, the Confrontation

Clause does not apply. Accordingly, Defendant's motion to preclude her grand jury testimony is hereby **DENIED.**

**SO ORDERED.**

Dated: May 25, 2021
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE